IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| The Estate of Ricardo-Puentes, et. al.<br><br>    Plaintiffs<br><br>        v.<br><br>Municipal Government of Isabela, Puerto Rico<br><br>    Defendant | **CIVIL NO.** 07-1751 (GAG) |

## MEMORANDUM OPINION AND ORDER

This case involves the unfortunate drowning of a mother and her son at Jobos Beach in Isabela, Puerto Rico. Plaintiffs, the decedents' estate and surviving family members, bring this damages action against the Municipality of Isabela and its Mayor, alleging negligence under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141, and a civil rights claim under 28 U.S.C. § 1983. This Court's jurisdiction is purportedly premised on the federal claim, as well as supplemental jurisdiction to entertain the local law claim.

The Municipality of Isabela has moved to dismiss (Docket No. 43) the case on the ground that it does not control nor maintain the particular beach in question. Plaintiffs filed an opposition (Docket No. 50) wherein they contend that their federal constitutional claims are based on Section 1983, and that indeed, defendants failed to protect the decedents' federal rights.

A review of the Amended Complaint (Docket No. 39) reveals that plaintiffs have failed to plead a federal constitutional claim under Section 1983. Consequently, the entire complaint must be dismissed as there is no jurisdiction to entertain the state tort claim.

For purposes of its analysis under Fed. R. Civ. P.12 (b)(6), the Court has taken all the plaintiffs' factual allegations as true and indulged all reasonable inferences therefrom. <u>Ramos-Piñero v. Puerto Rico</u>, 453 F.3d 48, 51 (1st Cir. 2006).

Here, the deceased were bathing in shallow water at Jobos Beach on March 22, 2005. A strong underwater current known as "El Chorro" (the spurt) dragged them, sucking them underwater, where they drowned, despite all rescue efforts. Amended Complaint (Docket No. 39) at ¶¶ 15, 27, 28, 30, 32.

Plaintiffs contend that defendants, with deliberate indifference, failed to develop and implement policies, practices and procedures to ensure the safety of citizens at Jobos Beach. Id at ¶¶ 54, 64. They point to a report by the United States Lifesaving Association which notes an unacceptable drowning rate at Jobos Beach. Id. at ¶ 57. The same recommends that lifeguards be present and encourage people to swim in protected areas. Id. at 58. They further point to a 1997 study prepared by the National Resources Council which concludes that "the territory of Puerto Rico has a water quality monitoring program that seems not to be designed for the safety of bathers or marine recreation." Id. at ¶ 63.[1]

Plaintiffs' constitutional claim is one of substantive due process due to defendants' failure to provide adequate safety at Jobos Beach. The Court's analysis thus focuses on whether the defendants' behavior "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." County of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998); see also Ramos-Piñero, 453 F.3d at 53 (applying Lewis "conscience-shocking" test). To meet this standard, defendants' behavior must intend to injure the plaintiffs. Lewis at 849; Ramos-Piñero at 53.

Nothing in the Amended Complaint indicates that defendants actually intended to harm the deceased mother and son. More so, the particular danger at issue here — the underwater current — was not a specific threat to the victim but to the general public who used the beach. See Ramos-Piñero at 54 (noting conscience-shocking act must specifically place victim, and not public at large, at risk).

The facts of this case are analogous to those in Ramos-Piñero, supra. There, a minor crossing a flooded avenue fell in to an open manhole, where he was dragged, trapped and ultimately drowned. Plaintiffs contended that because the governmental defendants knew of the existence of the open manhole, yet failed to act, they committed a constitutional tort based on deliberate indifference. This court dismissed the complaint and the First Circuit affirmed, noting that the "shock the conscience" standard was not met. Id. at 55.

---

[1] Plaintiffs, in their first cause of action based on state law, further point to a myriad of negligent acts by defendants. The Court will not discuss these as negligence does not give rise to a constitutional civil rights claim. Daniels v. Williams, 474 U.S. 327, 332 (1986); Ramos-Piñero, 453 F.3d at 52-53.

**Civil No. 07-1751 (GAG)**  3

The case at bar presents an even more extreme argument to impose constitutional liability upon municipal defendants. Unlike the open manhole, the danger at issue is one created by mother nature. Hence, defendants cannot control the same. In Puerto Rico, there are several unfortunate drownings every year, the most recent one this past weekend. This is certainly a horrific tragedy. Notwithstanding and despite the Court's deep sympathy, the law has not federalized such incidents to give rise to a constitutional cause of action for damages. Cf. Ross v. United States, 910 F.2d 1422, 1433 (7th Cir. 1990) (Due Process claim viable where deputy sheriff prevented rescuers from saving drowning boy).

Accordingly, the instant complaint is dismissed with prejudice as to the Section 1983 cause of action and without prejudice as to the Article 1802 cause of action. Plaintiffs are thus free to pursue their Puerto Rico negligence law claim in the Commonwealth court system.

The Court's ruling applies to the other codefendants, the Mayor of Isabela and insurance companies, given that they are in privity with the Municipality insofar as the Section 1983 analysis is concerned.

**SO ORDERED.**

In San Juan, Puerto Rico this 29th day of May, 2008.

*S/ Gustavo A. Gelpi*

GUSTAVO A. GELPI
United States District Judge